IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARY L. CLINTON, | ) CIVIL ACTION |
| | ) |
| Plaintiff, | ) |
| | ) NO. 02-CV-2982 |
| v. | ) |
| | ) |
| SECURITY ASSET CAPITAL | ) |
| CORPORATION, *et al.*, | ) |
| | ) MEMORANDUM IN SUPPORT OF |
| Defendants. | ) JUDGMENT BY DEFAULT |

<u>MEMORANDUM IN SUPPORT OF JUDGMENT BY DEFAULT AS TO DEFENDANTS
SECURITY ASSET CAPITAL CORPORATION, DARREL G. MUSICK, DAVID S.
WALTON AND DAVID R. WALTON[1]</u>

This matter is before the court on plaintiff' motion for judgment by default.

**PROCEDURAL HISTORY**

Plaintiff filed an eleven-count complaint on May 17, 2002, asserting various claims of securities fraud and unfair trade practices by defendants. Defendants failed to appear or answer plaintiff's complaint. The clerk has entered a default as to defendants, Security Asset Capital Corporation, Darrel G. Musick, David S. Walton and David R. Walton.

**FACTS**

Plaintiff lives in Lancaster County Pennsylvania. During 1999 and 2000, defendants solicited plaintiff, and many others, to purchase unregistered "nine-month" promissory notes. Defendants claimed such notes would return investments of 12% per annum, were secured, were not a risky investment and would be payable upon maturity. Defendants' representations were false.

-1-

On March 17, 1999, plaintiff Mary Clinton invested her entire individual retirement account to purchase a nine-month promissory note offered by defendants. The note was due on December 17, 1999, in the amount of $35,795. Mrs. Clinton "repurchased" the note when it became due and defendants issued a second promissory note, numbered 1320, to Mrs. Clinton in the amount of $39,031 with an annual interest rate of 12%, due on September 20, 2000. *See* Ex. 2 to Plt.'s Compl.

Mrs. Clinton repurchased her second promissory note, and defendants issued a third promissory note, numbered 1586, to Mrs. Clinton in the amount of $42,540.49. *See* Ex. 3 to Plt.'s Compl. This note, like the previous two notes, provided an annual interest rate of 12% as well as for attorneys' fees and costs of collection. The total amount due to Mrs. Clinton on June 21, 2001, was $46,369.13. Mrs. Clinton has demanded payment on the note, but despite her demand, defendants have failed to tender payment. As of November 21, 2002, the total amount of principal and interest due Mrs. Clinton under the terms of the Note is $54,000.

Mrs. Clinton have gone to great lengths to settle this matter, but never received promised documents, security agreements, payments on interest or payments of principal.

## ARGUMENT

Defendants engaged in providing fundamentally deceptive and misleading services to plaintiff in the marketing and sale of the nine-month promissory notes at issue in this case. Plaintiff has invested in excess of $30,000 and was promised returns amounting to nearly $50,000. Of this amount due plaintiff, defendants have paid nothing.

Defendants' liability is established by their default. Security Asset Capital Corporation, Darrel G. Musick, David S. Walton and David R. Walton have engaged in a systematic scheme to defraud individuals such as Mrs. Clinton by misrepresenting numerous aspects of the nine-month promissory

---

[1] Plaintiff is not seeking a default judgment against the remaining defendants.

note investments. Moreover, whenever defendants do make a payment, they are utilizing a Ponzi-scheme by using new "investments" to pay interest and principle to present note holders. *See e.g. Leibersohn v. Campus Crusade for Christ, Inc.*, 280 B.R. 103, 111 (E.D. Pa. 2002). The outrageous nature of defendants' conduct is perhaps best exhibited in their willingness to accept over $30,000 from a lady's individual retirement account for investment in their speculative notes, without any warnings as to the extreme risk involved in such an investment. The sad fact of this matter is that Mrs. Clinton is only one of hundreds of citizens who have been defrauded.

The United States Court of Appeals for the Third Circuit has recognized the appropriateness of treble damages pursuant to Pennsylvania's Unfair and Deceptive Trade Practices Act, 73 Pa. St. § 201-1 in cases such as this one. *See Algrant v. Evergreen Valley Nurseries Limited Partnership*, 126 F.3d 178, 187-88 (3rd Cir. 1997). While the court held that an action for unfair trade practices would not lie for the securities themselves, the provision of services falls squarely within the act. *See id.* ("These cases all involve the provision of services and thus are squarely within the protections of the UTP/CPL.") Due to the outrageous and fraudulent conduct of defendants related to the services of selling, continuing to promote, marketing, refusal to return money and Ponzi-scheme activities associated with these unregistered securities, triple damages are certainly appropriate in this matter. Accordingly, the amount due plaintiff should be trebled pursuant to 73 Pa. St. § 201-9.2, to $162,000.

**CONCLUSION**

For the above stated reasons, plaintiff is entitled to judgement by default in the amount of $162,000 against Security Asset Capital Corporation, Darrel G. Musick, David S. Walton and David

R. Walton jointly and severally.

          Respectfully Submitted,
          CLYMER & MUSSER, P.C.

          _____
          Leonard G. Brown, III, Esquire
          Attorney for Plaintiff
          23 North Lime Street
          Lancaster PA 17602-2912
          (717) 299-7101
Dated:          I.D. #83207

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I am this day serving the foregoing Request for Default in the manner indicated below.

Service by first class mail, postage prepaid, addressed as follows:

> Security Asset Capital Corporation
> 701 B Street #1775
> San Diego, CA 92101
>
> David S. Walton, CEO
> 701 B Street #1775
> San Diego, CA 92101
>
> David R. Walton, Director
> 701 B Street #1775
> San Diego, CA 92101
>
> Darrel G. Musick
> 701 B Street #1775
> San Diego, CA 92101

                                         CLYMER & MUSSER, P.C.

        By: _____
                        Leonard G. Brown III
                        Attorney for Plaintiff
                        23 North Lime St.
                        Lancaster, PA 17602
                        ID # 83207
                        (717) 299-7101

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARY L. CLINTON, | ) |
| | ) CIVIL ACTION |
| Plaintiff, | ) |
| | ) |
| v. | ) NO. 02-CV-2982 |
| | ) |
| SECURITY ASSET CAPITAL | ) |
| CORPORATION, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

AND NOW this _____ day of _____, 2002, upon consideration of plaintiff's request for judgment by default, and plaintiff's memorandum in support thereof, the clerk is hereby directed to enter judgment of $162,000 against defendants Security Asset Capital Corporation, Darrel G. Musick, David S. Walton and David R. Walton jointly and severally, with interest accruing from the date of judgment at the rate of 12% per annum until satisfied.

_____
PETRESE B. TUCKER
JUDGE